IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE BEST JEWELRY MANUFACTURING COMPANY, INC.,<br><br>    Plaintiff,<br><br>        v.<br><br><br>REED ELSEVIER INC.<br>also known as<br>Relx Inc., et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:16-CV-1761-TWT |

## OPINION AND ORDER

This is an action challenging the constitutionality of certain Georgia Supreme Court administrative orders and rules regarding the State Court and Superior Court of Fulton County, Georgia's e-filing system. It is before the Court on the Defendants Reed Elsevier Inc., a.k.a. Relx Inc., and File & Servexpress, LLC's Motion to Dismiss [Doc. 15]. For the reasons set forth below, the Defendants' Motion to Dismiss [Doc. 15] is GRANTED. The Plaintiff's Motion for Oral Argument [Doc. 25] is DENIED.

# I. Background

Around September 1999, the State Court of Fulton County, Georgia began operating an e-filing system for certain civil actions.[1] The Defendant Reed Elsevier Inc., a.k.a. Relx Inc. (hereinafter referred to as "LexisNexis"), is a foreign business that operated the e-filing system.[2]  In 2005, the State Court of Fulton County adopted local e-filing rules, which the Supreme Court of Georgia approved.[3] The e-filing system "ordered that all litigants shall use [the Defendant's] e-filing system for certain civil cases and ordered litigants to pay [the Defendant's] fees in addition to fees authorized by O.C.G.A. § 15-6-77."[4] Around May 2000, the Superior Court of Fulton County, Georgia implemented a similar e-filing system, with the Defendant LexisNexis operating the system.[5]

The Plaintiff, The Best Jewelry Manufacturing Co., Inc., is a Georgia corporation that paid the Defendant's e-filing fees.[6] On January 6, 2010, the Plaintiff,

---

[1]    See Compl., Ex. 8., at 2.

[2]    Id. ¶ 1. In 2012, the Defendant LexisNexis purportedly sold the e-filing system to the Defendant File & Servexpress, LLC. Id. ¶ 11.

[3]    Id. ¶ 2; see also id., Ex. 3.

[4]    Id. ¶ 2.

[5]    Id., Ex. 8, at 3.

[6]    Id. ¶ 3.

individually and on behalf of all others similarly situated, brought suit against the Defendant LexisNexis and Fulton County in Fulton County Superior Court.[7] The Plaintiff argued that because there was no statutory approval for the e-filing system, its rules and, most importantly, its fees should be declared illegal.[8] Specifically, the Plaintiff alleged that the e-filing system violated three Georgia statutes, the Georgia Constitution, and Uniform Superior Court Rule 1.2(b).[9] The Plaintiff sought declaratory and injunctive relief, compensatory damages, punitive damages, pre- and post-judgment interest, and attorneys' fees.[10]

The allegations raised in the 2010 complaint were originally filed by a different set of plaintiffs in 2007 in federal court.[11] There, the district court granted the defendants' motion to dismiss as to the federal claims and dismissed the state law claims without prejudice for lack of subject matter jurisdiction.[12] Following the dismissal of their federal claims, the plaintiffs filed suit in Fulton County Superior

---

[7]     Id. ¶ 1; see also id., Ex. 8, at 4.

[8]     Id. ¶ 2.

[9]     Id., Ex. 8, at 5.

[10]    Id., Ex. 8, at 4.

[11]    Id., Ex. 8, at 4; see also McCurdy v. Harper, No. 1:08-CV-2145-WSD (N.D. Ga. June 27, 2008) [Doc. 85].

[12]    Compl., Ex. 8, at 4-5.

Court in May 2009.[13] It was at this point that the Plaintiff Best Jewelry was added as a named plaintiff for the first time.[14] Eventually, the plaintiffs voluntarily dismissed that complaint.[15] In January 2010, the plaintiffs filed suit for a fourth time.[16] The plaintiffs also filed a motion to recuse all Fulton County judges from the case.[17] The motion was assigned to DeKalb County Superior Court Judge Robert Castellani.[18] Judge Castellani granted the motion, and he was then assigned to adjudicate the merits of the case.[19] The Defendant LexisNexis filed a motion to dismiss, which Judge Castellani denied.[20] Eventually, the case was reassigned to DeKalb County Superior Court Judge Clarence Seeliger.[21]

---

[13]    Id., Ex. 8, at 5; see also McCurdy v. Fulton Cnty., Ga., No. 2009-CV-169154 (Fulton Cnty. Sup. Ct. May 14, 2009).

[14]    Id., Ex. 8, at 5.

[15]    Id., Ex. 8, at 5.

[16]    Id., Ex. 8, at 5; see also McCurdy v. Fulton Cnty., Ga., No. 2010-CV-179757 (Fulton Cnty. Sup. Ct. Jan. 6, 2010).

[17]    Compl. ¶ 7.

[18]    Id.

[19]    Id. ¶ 9.

[20]    Id. ¶ 10.

[21]    Id.

On September 21, 2011, Fulton County filed a motion for judgment on the pleadings, asserting sovereign immunity and the plaintiffs' failure to comply with ante litem notice.[22]  On November 10, 2011, the Defendant LexisNexis filed a renewed motion to dismiss, asserting shared sovereign immunity and the plaintiffs' lack of a private right of action.[23] Prior to the court's ruling on the motions, the named plaintiff Kenneth Clowdus withdrew as class representative, leaving the Plaintiff Best Jewelry as the only remaining named plaintiff.[24] On June 29, 2012, the trial court granted Fulton County's motion, ruling that Fulton County had sovereign immunity as to the Plaintiff's damages claims, and that all of the Plaintiff's claims against Fulton County should be dismiss for failure to follow the statutory ante litem notice requirements.[25] Then, on December 18, 2012, the trial court granted the Defendant LexisNexis's renewed motion to dismiss based upon the theory of shared immunity.[26] The Plaintiff filed a direct appeal, but the Georgia Court of Appeals denied it as premature because

---

[22]   Id., Ex. 8, at 6.

[23]   Id., Ex. 8, at 6.

[24]   Id., Ex. 8, at 6.

[25]   Id., Ex. 8, at 6.

[26]   Id., Ex. 8, at 7.

the Plaintiff's claims for injunctive relief remained pending in the trial court.[27] The case then returned to the trial court for discovery.[28]

During merit discovery, Fulton County advised the Plaintiff that the Defendant LexisNexis did not have a signed agreement with the County.[29] In addition, the Fulton County State Court Chief Clerk and an employee for the Defendant LexisNexis admitted to having communications with Georgia Supreme Court Justice Harold Melton regarding the e-filing system at issue.[30] The Defendant also specified that it had contact with the Clerk of the Georgia Supreme Court regarding the e-filing system.[31] After the Plaintiff amended its complaint to add File & Servexpress as a Defendant, the Defendants filed a motion to dismiss.[32] The trial court granted the motion for three reasons: (1) shared sovereign immunity; (2) failure to state a claim; and (3) lack of a private right of action under the Superior and State Courts' rules and statutes which the Plaintiff claimed the e-filing system violated.[33] The Plaintiff

---

[27]    Id., Ex. 8, at 7.

[28]    Id. ¶ 11.

[29]    Id. ¶ 11; see also id., Ex. 6.

[30]    Id. ¶ 12.

[31]    Id.

[32]    Id., Ex. 8, at 7.

[33]    Id. ¶ 13; id., Ex.8.

appealed, but the Georgia Court of Appeals affirmed the trial court.[34] The Plaintiff then filed a petition for writ of certiorari from the Supreme Court of Georgia and a motion to recuse Justices Hugh Thompson, P. Harris Hines, Robert Benham, Carol Hunstein, and Harold Melton.[35] The Plaintiff sought the recusal of these five justices because they administratively approved the e-filing system and its rules.[36] Prior to the Georgia Supreme Court's ruling, Georgia enacted two statutes – O.C.G.A. §§ 15-6-11 and 15-7-5 – which authorize a superior court and state court to provide e-filing services by court order.[37] Ultimately, on May 9, 2016, the Georgia Supreme Court denied both the petition and the motion.[38]

Based on the Georgia Supreme Court's denials, the Plaintiff brought this action. It contends that it was denied due process because of "the Georgia Supreme Court's non-judicial orders and rules that established the Defendants' e-filing system."[39] The

---

[34]    Compl. ¶ 14; see also The Best Jewelry Mfg. Co., Inc. v. LexisNexis Elsevier Inc., 334 Ga. App. 826, 836 (2015).

[35]    Compl. ¶ 15; id., Exs. 9, 10.

[36]    Id. ¶ 15.

[37]    Id. ¶ 19.

[38]    Id. The Plaintiff also filed motions for reconsideration of the denials. Id. ¶ 17. The Georgia Supreme Court denied both motions. Id. ¶ 20.

[39]    Id. ¶ 22.

Plaintiff seeks a declaration that the Georgia Supreme Court's administrative orders and rules "are non-judicial orders that are unlawful, invalid, *ultra vires*, *void ab initio*, unconstitutional, or otherwise illegal."[40] The Plaintiff also seeks a declaration that it was denied due process when the Georgia Supreme Court denied its motion for recusal. The Defendants now move to dismiss.

## II. Legal Standard

### A. Federal Rule of Civil Procedure 12(b)(1)

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute.[41] Attacks on subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks."[42] Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as

---

[40]   Id.

[41]   FED. R. CIV. P. 12(b)(1).

[42]   Garcia v. Copenhaver, Bell & Assocs., M.D.'s, 104 F.3d 1256, 1261 (11th Cir. 1997); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

true for the purposes of the motion."[43] On a facial attack, therefore, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion.[44]

"'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'"[45] The presumption of truthfulness does not attach to the plaintiff's allegations.[46] Further, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[47]

### B. Federal Rule of Civil Procedure 12(b)(6)

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[48] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is

---

[43]   Lawrence, 919 F.2d at 1529 (quoting Menchaca v. Chrysler Credit, 613 F.2d 507, 511 (5th Cir. 1980)).

[44]   Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).

[45]   Lawrence, 919 F.2d at 1529 (quoting Menchaca, 613 F.2d at 511).

[46]   Id.

[47]   Scarfo v. Ginsberg, 175 F.3d 957, 960-61 (11th Cir. 1999).

[48]   Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); FED. R. CIV. P. 12(b)(6).

extremely "remote and unlikely."[49] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[50] Generally, notice pleading is all that is required for a valid complaint.[51] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[52]

## III. Discussion

### A. Subject-matter Jurisdiction

The Defendants contend that the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine applies to cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

---

[49]     Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[50]     See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[51]     See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985).

[52]     See Erickson v. Pardus, 551 U.S. 89, 93 (2007).

review and rejection of those judgments."[53] "The doctrine applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment."[54] "A claim is inextricably intertwined if it would effectively nullify the state court judgment . . . or if it succeeds only to the extent that the state court wrongly decided the issues."[55] However, the Rooker Feldman doctrine only applies "when a plaintiff complains of injury from the state court judgment itself."[56] The Rooker-Feldman doctrine does not apply to non-judicial acts or where the plaintiff's claim is a general challenge to the constitutionality of a state law.[57] In determining the applicability of the Rooker-Feldman doctrine, a court "cannot simply compare the issues involved in the state-court proceeding to those raised in the federal-court plaintiff's complaint," but rather "must pay close attention to the relief sought by the federal-court plaintiff."[58]

---

[53]    Nicholson v. Shafe, 558 F.3d 1266, 1273 (11th Cir. 2009) (quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)).

[54]    Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam).

[55]    Id.

[56]    Coles v. Granville, 448 F.3d 853, 858 (6th Cir. 2006).

[57]    See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983).

[58]    Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003) (quoting Kenmen Eng'g v. City of Union, 314 F.3d 468, 476 (10th Cir. 2002)).

Here, the Plaintiff seeks a declaratory judgment based on two alleged constitutional violations. First, the Plaintiff argues that the Georgia Supreme Court's denial of its motion for recusal violated its due process rights.[59] However, it is clear that the Plaintiff's injury stems from the denial of the motion for recusal itself. In the motion for recusal, the Plaintiff argued that "[n]o Justice administratively approving this system can make a fair and impartial decision with regard to the merits when the consequences may result in whether he or she could be named as a party-defendant in this action or similar action."[60] Thus, inherent in the Georgia Supreme Court's denial of the motion for recusal is that it found the justices could be fair and impartial to adjudicate the motion. "Because [the Plaintiff] did raise [its] claim in the state court, allowing a new challenge in federal district court would necessarily require review of a final state court judgment."[61] Accordingly, the Court finds that the <u>Rooker-Feldman</u>

---

[59]     The Plaintiff also contends that it was denied due process because "Georgia Law does not provide a procedure for an appeal from a Georgia Supreme Court order denying a Motion to Recuse Justices." Compl. ¶ 21. This claim fails because the Plaintiff does have an option to challenge the denial. The Plaintiff could have filed a writ of mandamus in state court against the justices. <u>See</u> <u>Spencer v. Johnson</u>, No. 3:14-CV-38-J-20JRK, 2014 WL11428180, at *2 (M.D. Fla. Feb. 4, 2014) ("This Court does not have jurisdiction to issue a writ of mandamus to direct the state Circuit Court or any of its judges . . . to recuse themselves from the case."). And, of course, the Plaintiff could have filed a petition for writ of certiorari from the U.S. Supreme Court.

[60]     Compl., Ex. 10, ¶ 6.

[61]     <u>Howell v. Supreme Court of Tex.</u>, 885 F.2d 308, 312 (5th Cir. 1989).

doctrine deprives it of jurisdiction over the Plaintiff's due process claim regarding the motion for recusal.[62]

Next, the Plaintiff seeks a declaration that the Georgia Supreme Court's "non-judicial orders and rules that established the Defendants' e-filing system" are in violation of due process.[63] The Plaintiff, therefore, is asserting a general challenge of the Georgia Supreme Court's rules and orders instead of a challenge to the rules' and orders' application to its particular state court case. The Rooker-Feldman doctrine does not deprive a federal court of jurisdiction of this general challenge.[64]

Although the Rooker-Feldman doctrine does not bar the claim, the Court nevertheless lacks subject-matter jurisdiction over it. The Declaratory Judgment Act – 28 U.S.C. § 2201 – "is inappropriate to adjudicate past conduct."[65] The Plaintiff's

---

[62]    See Bianchi, 334 F.3d at 901-02 (holding that, under Rooker-Feldman, the federal court did not have jurisdiction to overturn a state court of appeals' decision to deny a motion for recusal); Howell, 885 F.2d at 313 (holding that, under Rooker-Feldman, the federal court did not have jurisdiction to overturn a state supreme court's decision to deny a motion for recusal).

[63]    Compl. ¶ 22.

[64]    See Abbott v. Michigan, 474 F.3d 324, 328 (6th Cir. 2007) (holding that the plaintiff alleged a general challenge regarding whether a state law violated the Employee Retirement Income Security Act and the Supremacy Clause).

[65]    American Ins. Co. v. Evercare Co., 699 F. Supp. 2d 1355, 1358 (N.D. Ga. 2010); see also Malowney v. Federal Collection Deposit Grp., 193 F.3d 1342, 1348 (11th Cir. 1999) ("Injury in the past . . . does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment.").

Complaint is completely devoid of any allegations relating to ongoing or future conduct. As a matter of fact, the state of Georgia has now enacted statutes authorizing e-filing systems for superior and state courts.[66] Thus, the Court cannot issue the Plaintiff's requested declaratory relief.

### B. Failure to State a Claim

The Plaintiff has also failed to state a constitutional claim. First, the Plaintiff does not allege that either Defendants committed the due process violations at issue. The Plaintiff is asserting that the Georgia Supreme Court's rules and orders regarding the e-filing system violated its due process rights.  But as the Defendants correctly point out in their Reply Brief, the "Plaintiff provides no authority that it can somehow bring such a claim against private companies . . . that were themselves complying with the same court orders Plaintiff attacks."[67] The only authority the Plaintiff cites are two cases brought against the actual courts that issued the challenged orders, not against a private company or individual.[68] In addition, in order to bring a constitutional due

---

[66]    See O.C.G.A. §§ 15-6-11, 15-7-5.

[67]    Defs.' Reply Br., at 7.

[68]    See McCorkle v. Judges of Superior Court of Chatham Cnty., 260 Ga. 315 (1990); Angell v. Eighth Judicial Dist. Court, 108 Nev. 923 (1992).

process claim, the Plaintiff must allege that state action was involved.[69] The Plaintiff has not sued the government or a government official. Both of the Defendants are business entities, and the Plaintiff does not allege in the Complaint that either Defendant is a state actor. Accordingly, the Plaintiff's due process claim based on the Georgia Supreme Court's orders and rules must fail against these Defendants.

Finally, the Plaintiff's claim is also barred by res judicata. "When evaluating the effect of a state court judgment, [the Eleventh Circuit] appl[ies] the preclusion law of the rendering state."[70] In Georgia, "[t]he doctrine of res judicata prevents re-litigation of matters that were or could have been litigated in a previously-adjudicated action."[71] "In order for res judicata to bar a subsequent action, it must be established that an identity of parties and subject matter exist between the two actions, and that a court of competent jurisdiction entered an adjudication in the earlier action."[72] Here, the parties in the 2010 state court action are identical to those in the instant action.[73]

---

[69]   See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 930 (1982) ("[T]he Due Process Clause protects individuals only from governmental and not from private action . . . .").

[70]   Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 676 (11th Cir. 2014).

[71]   Labovitz v. Hopkinson, 271 Ga. 330, 332 (1999).

[72]   Id.

[73]   See Compl., Ex. 8.

The subject matter is also the same. "[I]f a case arises out of the same nucleus of operative fact, or is based on the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata."[74] The causes of action in both cases arise out of the same factual predicate, namely the alleged illegality of Fulton County's e-filing system.[75] The Plaintiff, therefore, had the opportunity to litigate the issue of whether the Georgia Supreme Court's orders and rules violate due process in the 2010 state court action. Finally, neither party disputes that the Superior Court of Fulton County had jurisdiction over the 2010 action. Thus, the requirements of res judicata have been met.

In response, the Plaintiff argues that it did not know of the federal due process claim until 2014 because of the Defendants' alleged deception as to the existence of a public contract.[76] However, in the Fulton County Superior Court's 2014 order, the Superior Court discussed the Plaintiff's argument that there was no enforceable

---

[74]     In re Piper Aircraft Corp., 244 F.3d 1289, 1297 (11th Cir. 2001) (quoting Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1239 (11th Cir. 1999)); see also Neely v. City of Riverdale, 298 Ga. App. 884, 887 (2009) ("The doctrine [of res judicata] applies even if some new factual allegations have been made [or] some new relief has been requested. It is only where the merits were not and could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense.").

[75]     See Compl. ¶ 22; id., Ex. 8, at 5.

[76]     See Pl.'s Resp. Br., at 22.

contract between Fulton County and the Defendants.[77] Thus, it is clear that both the Plaintiff and the Superior Court were aware in 2014 of the alleged deception as to the existence of a public contract. The Plaintiff then argues that it "properly reserved and or not litigated his [sic] federal rights under England v. Louisiana State Bd. of Med. Examiners."[78] The U.S. Supreme Court in England recognized that a litigant with a constitutional claim under § 1983 should not be forced via the federal abstention doctrines to pursue a federal claim in state court.[79] The Plaintiff is not bringing a constitutional claim under § 1983. Moreover, under England, a plaintiff is required to first file in federal court and then must inform the state court that it may pursue any federal constitutional claims in federal court following the conclusion of the state court action.[80] The Plaintiff does not assert that it followed England's requirements. Accordingly, the Plaintiff cannot claim its protections.

## IV. Conclusion

---

[77]     See Compl., Ex. 8, at 12.

[78]     Pl.'s Resp. Br., at 22 (citation omitted).

[79]     See England v. Louisiana State Bd. of Med. Examiners, 375 U.S. 411, 415-22 (1964).

[80]     See Fields v. Sarasota Manatee Airport Auth., 953 F.2d 1299, 1304-05 (11th Cir. 1992) (citing England, 375 U.S. at 417-22).

For these reasons, the Court GRANTS the Defendants Reed Elsevier Inc., a.k.a.

Relx Inc., and File & Servexpress, LLC's Motion to Dismiss [Doc. 15]. The Plaintiff's

Motion for Oral Argument [Doc. 25] is DENIED.

SO ORDERED, this 24 day of March, 2017.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge